UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARGARET COONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-38- JAR |
| ) | |
| GEORGE LEE USHER and ) | |
| GREYHOUND LINES, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand [ECF No. 9]. The motion is fully briefed and ready for disposition.

**Background**

Plaintiff filed her Petition against Defendants in the Circuit Court of the City of St. Louis, Missouri, on November 18, 2011. In her Petition, Plaintiff alleges she sustained injuries when she was a passenger on a bus owned by Defendant Greyhound Lines, Inc. ("Greyhound") and operated by Defendant George Lee Usher ("Usher") that was involved in an accident. She further alleges that she and Usher are Missouri residents. Greyhound removed the action to this Court on January 9, 2012, despite the lack of diversity on the face of the Petition. In its Notice of Removal, Greyhound asserts that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because it is a civil action wherein it is believed the matter in controversy exceeds $75,000[1] and is between citizens of different states, in that Plaintiff is a citizen of Missouri, Greyhound is incorporated in Delaware with its principal place of business in Ohio, and Usher is a citizen of

---

[1] Plaintiff does not dispute that the amount in controversy exceeds $75,000.

Louisiana. Plaintiff filed her motion for remand, requesting the Court remand this case back to state court because Greyhound has failed to offer any factual basis for its assertion that Usher does not reside in Missouri.

**Legal Standard**

"[D]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." Bakhtiari v. Phillips, 2009 WL 3711979, at *1 (E.D. Mo. Nov. 5, 2009)(citations omitted). For purposes of diversity jurisdiction, a natural person is considered to be a citizen of the state in which he is domiciled; thus, in this context, "citizenship" of a state and "domicile" are synonymous. Id. at n1. Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely. Altimore v. Mount Mercy College, 420 F.3d 763, 768-69 (8th Cir.2005). Once an individual has established his state of citizenship, he is presumed to be a citizen of that state until he legally acquires a new state of citizenship. Id. See also Blakemore v. Mo.Pac.R.R. Co., 789 F.2d 616, 618 (8th Cir. 1986). Whether diversity of citizenship exists is determined at the time the suit is filed, and not when the cause of action arose. Altimore, 420 F.3d at 768-69. The district court's "determination of citizenship for the purpose of diversity is a mixed question of law and fact, but mainly fact." Blakemore, 789 F.2d at 618. The standard for proving domicile is "a preponderance of the evidence." Altimore, 420 F.3d at 768.

The party seeking removal and opposing remand has the burden of establishing federal subject jurisdiction. Carey v. JP Bushnell Packing Supply Co., 2011 WL 6415178, at *2 (E.D. Mo. December 21, 2011)(citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991). A district court is required to resolve all doubts about federal jurisdiction in

2

favor of remand. In re Business Men's Assur. Co., 992 F.2d at 183; Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997). In deciding this issue, the Court may consider the pleadings and supporting affidavits. Carey, 2011 WL 6415178, at *2 (citing Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D. Mo. 1995).

**Discussion**

Factors frequently taken into account include the party's current residence, voter registration and voting practices, location of real and personal property, location of brokerage and bank accounts, membership in unions, fraternal organizations, churches, clubs, and other associations, place of employment or business, driver's license and automobile registration, and payment of taxes. See e.g. Altimore, 420 F.3d at 769. No single factor is conclusive.

In support of her motion to remand, Plaintiff has attached three exhibits: (1) the Illinois traffic crash report dated March 23, 2010, listing Usher's address as 4233 E. Ashland, St. Louis, Missouri, 63115; (2) a Missouri Department of Revenue driving record for Usher with the last entry dated August 26, 2009, listing "resident address" as 822 Carr St., #C, St. Louis, Missouri, 63101, and "current address" as 822 Carr St., St. Louis, Missouri, 63101; and (3) "People Finder Unlimited," showing as of November 14, 2011 that Usher resided at 4233 E. Ashland, St. Louis, Missouri, 63115 (Doc. Nos. 9-1, 9-2, 9-3).

In response to Plaintiff's motion, Greyhound provides an affidavit from Usher wherein he states that in April 2010, he moved from Missouri to Mississippi to pursue employment and because he had family members in Mississippi. (Doc. No. 10-1) Upon moving to Mississippi, he obtained a Mississippi driver's license and registered to vote in Mississippi. Id. His 2010 income tax return was filed in Mississippi and he paid taxes to the State of Mississippi. Id. Usher states

his bank account is in Mississippi, his car is registered in Mississippi and his medical providers are located in Mississippi. Id. Usher further states that in June 2011, he moved from Mississippi to Louisiana, where he currently resides. Id. He states he is "in the process of getting settled," and that it his intent to remain in Louisiana indefinitely. Id. Usher states he has no intent to move back to Missouri. Id.

All three of Plaintiff's exhibits predate November 18, 2011, when her suit was filed and are, therefore, insufficient to rebut Greyhound's evidence that Usher is not a citizen of Missouri. As noted above, whether diversity exists is determined at the time the suit is filed. Altimore, 420 F.3d at 768-69. The Court finds the greater weight of the evidence demonstrates that Usher has not had a physical presence in Missouri nor an intent to make Missouri his domicile since 2010, prior to the date the instant action was filed, when he moved to Mississippi and established his domicile there.[2] Plaintiff's Motion to Remand will, therefore, be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [ECF No. 9] is **DENIED**.

Dated this 14th day of February, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[2]There is a presumption favoring the continuation of an established domicile, i.e., Mississippi, against an allegedly newly acquired one, i.e., Louisiana. See Blakemore v. Mo.Pac.R.R. Co., 789 F.2d 616, 618 (8th Cir. 1986).